NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RAYMOND EARL DEVORE,<br><br>Defendant - Appellant. | No. 24-4475<br><br>D.C. No.<br>2:15-cr-00160-TSZ-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted August 14, 2025**
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Raymond Earl Devore was sentenced to 20 years' imprisonment and lifetime

supervised release for distribution, receipt, possession, and production of child

pornography, as well as enticement of a minor. 18 U.S.C. §§ 2251(a), 2251(e),

2252(a)(2), 2252(a)(4)(B), 2252(b)(1), 2252(b)(2), 2422(b). His sentence includes

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

special conditions of supervised release. Devore challenges Special Condition 9, which governs his access to technology. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Upon release, Special Condition 9 allows Devore to obtain, without his probation officer's permission, a cell phone incapable of "accessing the internet, sending or receiving text messages, or sharing digital files." He can obtain a cell phone capable of those functions "if explicitly allowed by the probation officer."

Devore, a recidivist pedophile, was convicted for online child-exploitation crimes—which included grooming victims through text messaging and online chats. Under any standard of review, Special Condition 9 is constitutional; it is reasonably related to, and necessary to achieve, the goals of supervision and protecting the community. *See United States v. Wells*, 29 F.4th 580, 590–91 (9th Cir. 2022); *United States v. LaCoste*, 821 F.3d 1187, 1190–91 (9th Cir. 2016); *see also* 18 U.S.C. § 3583(d).

**AFFIRMED.**